OPINION OF THE COURT
Luke M. Charde, J.
The defendant, by writ of habeas corpus, seeks his release from jail.
The defendant by a felony complaint is charged with bur *244 glary and grand larceny. The lower court scheduled a preliminary hearing and upon the return date of the hearing the District Attorney, pursuant to CPL 180.80 (2) (a), filed a written certification that an indictment had been voted. That certification was dated and filed on September 4, 1986. Twenty-two days have elapsed since the filing of the certification but no indictment has been filed with this court by the Grand Jury. The District Attorney states that the reason for the delay in the filing of the indictment is that one of the codefendants named in the unfiled indictment has requested that he be heard by the Grand Jury.
CPL 190.65 (3) provides that "[u]pon voting to indict a person, a Grand Jury must, through its foreman or acting foreman, file an indictment with the court by which it was impaneled.”
While it is clear that the District Attorney and Grand Jury may wish to delay the filing of the indictment to enable the codefendant to testify before the Grand Jury it is equally clear that due process requires that the delay should only be for a reasonable period of time since the defendant is otherwise held without a lower court preliminary hearing and prior to arraignment on the indictment. The quoted portion of CPL 190.65 (3) by the use of the word "upon” seems to indicate an almost simultaneous vote and filing by the Grand Jury.
Bail is hereby set in the amount of $5,000 and unless the indictment voted against this defendant is filed with this court on or before Friday, October 3, 1986, at 5:00 p.m. the defendant is to be released on his own recognizance.