OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by motion of defendant to be released from custody on his own recognizance (ROR) on the ground that the District Attorney has failed to file an indictment “[u]pon” the grand jury voting to indict the defendant pursuant to CPL 190.65 (3).
The People submit opposition.
Jasper Martin was arrested on May 10, 2008 and charged by felony complaint with the crime of conspiracy. The next day he appeared with counsel in the Liberty Town Justice Court. On May 20, 2008, the defendant appeared in court and the matter was adjourned by the Liberty Town Justice Court to County Court as a certification of vote was expected. On May 28, 2008, an indictment was voted against the defendant and the District Attorney filed with the Liberty Town Justice Court an affidavit certifying that a grand jury voted an indictment against the defendant.
On June 24, 2008, defendant filed this motion to be released on his own recognizance because the District Attorney has failed to file an indictment in the County Court pursuant to CPL 190.65.
The defendant relies on CPL 190.65 (3) which states, “Upon voting to indict a person, a grand jury must . . . file an indictment with the court by which it was impaneled.” (Emphasis added.) The defendant maintains that “[u]pon” requires that the filing of the indictment be simultaneous to or in close proximity in time to the grand jury vote.
Defendant states furthermore that the relief sought of an ROR from CPL 190.65 shortcomings comes through CPL 180.80.
CPL 180.80 mandates the release of a defendant ROR, upon his application, if he has been charged by felony complaint in a local criminal court and has been held in custody for 120 hours, or 144 hours if a Saturday, Sunday or legal holiday occurs, without either a disposition of the felony complaint or the com *713 mencement of a hearing thereon (or waiver of said hearing) unless the District Attorney has filed a written certification that an indictment has been voted or has shown good cause why such order of release should not be issued. (See CPL 180.80 [2] [a]; [3].)
The District Attorney maintains that first, a certification of vote was filed with the local criminal court on May 28, 2008, about one month prior to the defendant’s within motion, as required by CPL 180.80 (2) (a), and second, good cause as required by CPL 180.80 (3) has been shown because the reason for the delay in filing the indictment was to give the codefendants* the opportunity to plead guilty to a superior court information (SCI) prior to the filing of the indictment, which would include all 22 defendants less any that have pleaded to an SCI. Most of the other defendants have separate attorneys and they each have been offered by the District Attorney separate conditions to their guilty pleas prior to indictment.
The defendant argues that People v Mann (133 Misc 2d 243 [Orange County Ct 1986]) is dispositive as it has similar facts hereto. In Mann, there was a written certification that an indictment had been voted, 22 days elapsed, and the indictment was not filed. The District Attorney stated that the reason for the filing delay was that the codefendant wished to testify in front of the grand jury. The court (at 244) held that although a
“District Attorney and Grand Jury may wish to delay the filing of the indictment to enable the codefendant to testify before the Grand Jury it is equally clear that due process requires that the delay should only be for a reasonable period of time since the defendant is otherwise held without a lower court preliminary hearing and prior to arraignment on the indictment.”
This court, unlike the decision in Mann (supra), finds that to the extent that section 180.80 would be applicable and is used as a request for relief, the section 180.80 (3) “good cause” exception applies. This exception requires the prosecutor to show “some compelling fact or circumstance” for the nonaction (CPL 180.80 [3]). The circumstances in this case, i.e. the multiple defendants, multiple pleas, and multiple attorneys, clearly pres *714 ent a “compelling fact or circumstance” for the filing delay in order to ensure that the multiple defendants are able to plead guilty to a SCI.
The defendant herein did not previously nor does he now make a CPL 180.80 time argument, i.e., to be released ROR because he was not given a preliminary hearing on the felony complaint within 144 hours after arrest. This court opines that if the defendant does not make a CPL 180.80 application to be released ROR, because he has not been afforded a timely preliminary hearing, prior to the People filing a certification that the grand jury has voted an indictment with the local criminal court, the defendant waives that right which is time specific.
The crux of the issue herein is what is a reasonable time after the grand jury votes for an indictment before said indictment must be filed with the County Court.
In People v Mann {supra), the Orange County Court found that an indictment which was not filed in County Court 22 days after the grand jury voted to indict was unreasonable, and thus released the defendant ROR.
In the case at bar, a 54 count indictment was filed with the Sullivan County Court on July 9, 2008, 41 days after the certification of vote had been properly filed.
This court finds that a reasonable time between the grand jury vote to indict and the filing of an indictment in County Court must be fact specific and must be viewed on a case-by-case basis without a set time limit applicable to every instance.
Given the complexity of the drug conspiracy charges and the large number of codefendants herein, the time between the grand jury vote to indict (May 28, 2008) and the filing of indictment No. 195-08 (July 9, 2008), some 41 days, is reasonable under the circumstances under CPL 190.65 (3).
However, the defendant’s due process is protected because the delay under CPL 180.80 as well as CPL 190.65 would be speedy trial time chargeable to the People.
Based upon the above, it is ordered that defendant’s motion is denied.

 The defendant was arrested in a drug sweep along with 21 other codefendants. All were charged by felony complaint with conspiracy in the second degree in violation of Penal Law § 105.15 pursuant to extensive telephone wiretaps of approximately three months’ duration.